Turley, J.
delivered the opinion of the court.
In this cause the plaintiff in error moved the court below for a new trial upon the affidavit of one of the jurors, who swears that the jury differed as to the amount for which a verdict should be returned; that one of the jurors divided the amount proposed by each juror, which resulted in the amount of damages returned, and that he did not agree to the calculation and verdict, and was deceived in the same. The circuit court refused to grant a new trial upon this affidavit, and we think correctly. In the case of Hudson vs. The State, 9 Yer. 408, this court held that though the affidavits of jurors may be made the foundation for motions for new trials, yet it is a dangerous practice, and not to be extended beyond the point to which it had been already carried. To grant a new trial upon the affidavit in this case would be, as we think, to go further than any case has yet gone upon this subject. The principle, as settled by the authorities, is, that a jury shall not agree among themselves that each shall specify the amount for which he is willing to *401 find a verdict, divide the whole by twelve, and return the sum thus produced as the result of their deliberation; because it. is in the nature of gambling for a verdict, and places it in the power of one juror to make the amount unreasonably great or small, as he may think proper. But such a case is not made out by this affidavit; it does not appear that the jury agreed to resort to this mode of ascertaining their verdict, but that one of the jury, of his own accord and without consulting his fellows, adopted it and proposed the result as the amount of the verdict, to which they assented. This is very different from the case in which the jury agree in the first instance to abide by this mode of finding a yerdiet. Here they knew the amount proposed before they agreed to find it, and it thereby became the result of their judgment; there they agreed to find a sum to be ascertained in a particular way, not having any idea what the amount may be. We consider this as nothing more than a proposition by the juror to return the verdict for the specified sum, which was done. Dana vs. Tucker, 4 Johns. Reports, 487: Grenell vs. Philips, 1 Mass. Rep. 561: Graham on N. T. 106. As to that portion of the affidavit in which the juror says that he did not agree to the calculation and verdict, but was deceived, all that is necessary to be observed is, that he, together with his fellow jurors, returned the verdict in open court, and he shall not now be heard to allege any thing to the contrary. The practice would be exceedingly dangerous, necessarily tending in its consequences to corruption and perjury. The judgment will therefore be affirmed.